IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-98-262(4) |
| | § | Civil No. C-04-653 |
| BARON FELIPE RIASCOS, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO DISMISS, DENYING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Baron Felipe Riascos' ("Riascos") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, received by the Clerk on November 10, 2004.[1] (D.E. 199).[2] Pursuant to the Court's order, the government filed a response and motion to dismiss on May 18, 2005. (D.E. 203, 207). As discussed in detail herein, most of the claims in Riascos' motion are subject to dismissal because he waived his right to file those claims. The claims that fall outside the scope of his waiver fail on

---

[1] Although Riascos' motion was received by the Clerk on November 10, 2004, it is dated November 4, 2004. Thus, November 4, 2004 is the earliest date it could have been delivered to prison authorities for filing, the pertinent date for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992)(providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court deems it filed as of the earlier date.

[2] Dockets entries refer to the criminal case, C-98-cr-262.

1

their merits. For these reason, discussed in more detail below, the Court DENIES the motion. Additionally, the Court DENIES Riascos a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On October 27, 1998, Riascos was charged in a superseding indictment, and was named in three counts of the indictment. Specifically, he and three codefendants were charged in Count 1 with conspiring to possess with intent to distribute more than 50 grams of a mixture and substance containing cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Riascos was charged in Counts 9 and 13 with abetting possession with intent to distribute less than 5 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C) and 18 U.S.C. § 2. (D.E. 26).

On October 6, 2003, Riascos pleaded guilty to Count 13, pursuant to a written plea agreement. (D.E. 188, 189). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to move to dismiss the remaining counts at sentencing, to recommend that he receive maximum credit for acceptance of responsibility and to recommend a sentence at the low end of the guideline range. (D.E. 189).

The plea agreement contained a voluntary waiver of Riascos' right to appeal and to file a § 2255 motion:

2

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal <u>only</u> (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 189 at ¶ 8)(emphasis in original).

The Court questioned Riascos under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion. After ensuring that the waiver of his appellate rights was knowing and voluntary, the Court questioned Riascos regarding his waiver of the right to file a § 2255 motion:

> THE COURT: You're also giving up your right to later file any type of challenge to your conviction or your sentence under a particular provision of the law known as Title 28, United States Code, Section 2255, where the law allows Defendants to challenge whether or not their sentence and conviction were constitutional. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You'll also be giving up that right. Are you willing to give up that right, and do you want to give up that right?

THE DEFENDANT: Yes, sir.

(D.E. 205, Rearraignment Transcript ("R. Tr.") at 21-22). It is clear from the foregoing that Riascos' waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

On December 23, 2003, the Court sentenced Riascos to 60 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 194, 197). Judgment of conviction and sentence was entered on December 30, 2003. (D.E. 197). Consistent with his waiver of appellate rights, Riascos did not appeal. Riascos filed his § 2255 motion on November 4, 2004. It is timely.

In his motion, Riascos asserts various claims all couched under the rubric of an ineffective assistance of counsel claim. He begins his motion with general conclusory statements that his lawyer intentionally prejudiced him and did not represent him zealously and diligently. He then goes on to more specific claims. These include allegations that: (1) counsel did not advise or explain to him the "early disposition programs consequences" of his conviction, and failed to request a recommendation for an early disposition program; (2) counsel failed to argue for a better plea agreement, knowing that the offered agreement was "too vague" and did not "provide [defendant] with any meaningful reason to avoid trial"; and (3) counsel failed to negotiate any and all available departures.

4

He also asserts that he would not have pleaded guilty or cooperated with authorities without a recommendation for the early disposition program or fast track program if he had known of such programs. Although he does not identify with any specificity what he means by a "fast track" program or early disposition program, the Court presumes that he refers to programs that allow certain defendants to plead guilty and to waive certain rights very early in the criminal process, in exchange for a motion for downward departure pursuant to U.S.S.G. § 5K3.1.[3]

For the reasons set forth herein, Riascos' claims fail.

### III.  DISCUSSION

**A.    28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence

---

[3] Such programs were first approved by Congress in 2003 as part of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act ("PROTECT ACT"). Section 401(m)(2)(B) of the PROTECT Act instructed the United States Sentencing Commission to create a policy statement authorizing a downward departure "pursuant to an early disposition program authorized by the Attorney General." Consequently, the Sentencing Commission adopted U.S.S.G. § 5K3.1, which provides that, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1.

Attorney General Ashcroft formally created the Fast-Track Program through a memorandum dated September 22, 2003 and authorized such programs in certain districts. According to Ashcroft, the programs "are based on the premise that a defendant who promptly agrees to participate in such a program has saved the government significant and scarce resources that can be used in prosecuting other defendants and has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in U.S.S.G. § 3E1.1." September 22, 2003 Memorandum from Attorney General Ashcroft on Department Principles for Implementing an Expedited Disposition of Fast-Track Prosecution Program to All United States Attorneys.

in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Riascos has procedurally defaulted his claims by failing to appeal. Rather, the Court concludes that he waived his right to file most of the claims in his § 2255 motion, see infra Section III.C., and thus it does not reach the merits of those claims. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744, (5th Cir. 2005)(enforcing a waiver of appeal rights that was signed prior to the issuance of United States v. Booker, 125 S. Ct. 738 (2005)).

His claim that he received ineffective assistance with regard to his plea, however, falls outside the scope of his § 2255 waiver, because it is a direct challenge to the validity of the plea and, thus, the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"); United States v. Branam, 231 F.3d 931, 931 n.1 (5th Cir. 2000)(considering defendant's argument that

6

United States breached the plea agreement, despite an appeal-waiver provision in the plea agreement). Thus, the Court turns first to this claim.[4]

## B. Ineffective Assistance of Counsel As to Plea

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Riascos argues that he would not have pleaded guilty had he known of the

---

[4] The government did not directly address his ineffective assistance claim in its response, instead relying solely on Riascos' waiver as grounds for dismissal of all of his claims.

availability of early disposition programs. His argument appears to be that, had he known of such programs, he would have insisted that a recommendation for placement into such programs be included in any plea agreement. (D.E. 199 at 2-3). He also challenges his counsel's advice related to the guilty plea by arguing that his counsel failed to argue for a "better" plea agreement. The Court finds no merit in his contentions.

As an initial matter, he does not allege, nor does he offer any evidence to show, that a "better" plea agreement was ever offered or available to him. Similarly, although the fast-track program exists in some districts in this country, and although the United States Attorney for the Southern District of Texas has received approval to implement such a program, this Court was not accepting any fast-track cases or related plea agreements in 2003, nor is it now. Moreover, the downward departure allowed by U.S.S.G. § 5K3.1, see supra note 3, requires a motion by the government and no such motion was ever made in this case. Quite simply, then, the fast track program was never available to Riascos. It is wholly implausible that any knowledge of a program which this Court did not utilize and which Riascos could not benefit from would have caused Riascos to proceed to trial instead of pleading guilty.

For all of these reasons, his counsel's alleged failure to inform him about the program or to ensure he received its benefit did not result in any prejudice to him. Because Riascos cannot prove the prejudice prong of the Strickland inquiry, his ineffective assistance claim fails.

Because the Court concludes that the Riascos' only challenge to the plea agreement fails, then the plea, including the waiver of his § 2255 rights, is valid and enforceable. The effect of the waiver is discussed more fully in the subsequent section.

**C.    Waiver of § 2255 Rights**

It is clear from the rearraignment transcript that Riascos understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for his waiver to be enforceable. (R. Tr. at 21-22). See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up). Again, his statements under oath are entitled to a strong presumption of truthfulness. Wilkes, 20 F.3d at 653; United States v. Cothran, 302 F.3d at 283-84. Those statements support a finding that his wavier was knowing and voluntary.

In sum, the Court concludes that Riascos' waiver of his right to file a § 2255 motion is valid and enforceable. Thus, while his ineffective assistance claim as to his plea is denied on the merits, his remaining claims fall within the scope of his waiver. Those remaining claims, therefore, are not properly before the Court. See generally Wilkes, supra; White, supra. For these reasons, his § 2255 motion is DENIED in its entirety.

**D.    Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Riascos has not yet filed a notice of appeal, this

Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it

10

debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Riascos' § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to those claims that this Court has addressed on procedural grounds, the Court finds that Riascos cannot establish at least one of the Slack criteria. That is, reasonable jurists could not disagree that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## IV. CONCLUSION

For the above-stated reasons, Riascos' motion under 28 U.S.C. § 2255 (D.E. 199) is DENIED. The Court also DENIES Riascos a Certificate of Appealability.

ORDERED this 22nd day of June, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE